UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| HARRISON TRUEHILL | CIVIL ACTION |
| VERSUS | |
| MANUFACTURERS AND TRADERS TRUST COMPANY | NO. 24-00971-BAJ-RLB |

### RULING AND ORDER

Before the Court is Defendant's Motion for Partial Dismissal Pursuant to Rule 12(b)(6). (Doc. 13). The deadline for filing an opposition has expired. LR 7(f); *see* Fed. R. Civ. P. 6(d). Accordingly, Defendant's Partial Motion to Dismiss is unopposed.

Also before the Court is Plaintiff's Motion for Partial Summary Judgment for Breach of Contract Involving Accord and Satisfaction. (Doc. 17). Defendant opposes the Motion. (Doc. 20). Plaintiff filed a Reply Brief. (Doc. 24).

Also before the Court is Plaintiff's Motion to Grant Partial Summary Judgment as Unopposed (Doc. 23), Plaintiff's Emergency Motion for Temporary Restraining Order and Preliminary Injunction to Stay Sheriff's Sale and Grant Motion for Summary Judgment ("Motion for Preliminary Injunction") (Doc. 23-2), and Plaintiff's Motion for Leave to Withdraw Partial Summary Judgment Motion (Doc. 25). Defendant opposes these Motions. (Doc. 27).

The Magistrate Judge issued a **Report and Recommendation** ("Report," Doc. 28). Plaintiff objects to the Report. (Doc. 29). Having carefully considered the Motions at issue, the underlying Complaint, and related filings, and for the reasons

1

below, the Court **APPROVES** the Magistrate Judge's Report and Recommendation and **ADOPTS** it as the Court's opinion herein.

**A. The Report and Recommendation.**

In the Report, the Magistrate Judge recommends the following:

First, the Magistrate Judge recommends that the Court deny Plaintiff's Motion to Grant Partial Summary Judgment as Unopposed. (Doc. 23).

Second, the Magistrate Judge recommends that the Court grant Plaintiff's Motion for Leave to Withdraw Partial Summary Judgment Motion. (Doc. 25).

Third, the Magistrate Judge recommends that the Court deny Plaintiff's Motion for Partial Summary Judgment for Breach of Contract Involving Accord and Satisfaction as withdrawn. (Doc. 17)

Fourth, the Magistrate Judge recommends that the Court deny Plaintiff's Motion for Preliminary Injunction (Doc. 23-2).

Fifth, the Magistrate Judge recommends that the Court grant Defendant's Motion for Partial Dismissal Pursuant to Rule 12(b)(6) (Doc. 13).

Sixth, the Magistrate Judge recommends that the Court dismiss Plaintiff's claims for violation of UCC 9-210, debt bondage, and violations of the FCRA, with prejudice.

Finally, the Magistrate judge recommends that the Court refer this matter back to the Magistrate Judge for further proceedings.

**B. Plaintiff's Objection to the Report and Recommendation.**

In Plaintiff's Objection to the Report, he objects to the dismissal of his debt bondage claim under 22 U.S.C. § 7101, the Trafficking Victims Protection Act. (*See generally* Doc. 29). Plaintiff contends that Defendant is subjecting him to economic servitude because his labor and earnings are being wrongfully diverted to satisfy a debt that has been discharged. (*Id.* at 4). Plaintiff further asserts that Defendant's conduct in seeking to collect on a mortgage effectively limits his economic freedom, compelling him to continue working to pay an extinguished obligation. (*Id.*).

The Magistrate Judge already considered Plaintiff's argument in the Report and emphasized that the term "debt bondage" relates to "personal services," which Plaintiff does not allege. (Doc. 13-1 at 8). Instead, Plaintiff disputes a simple mortgage loan. (*Id.*).

The statute itself sets forth the purpose of the Act as follows: "[T]o combat trafficking in persons, a contemporary manifestation of slavery whose victims are predominantly women and children, to ensure just and effective punishment of traffickers, and to protect their victims." 22 U.S.C. § 7101. Plaintiff's claim seeking relief from his mortgage clearly does not fall within the ambit of the Trafficking Victims Protection Act. *See Richardson v. United Wholesale Mortg., LLC*, No. CV 24-276-SDJ, 2024 WL 5264095, at *7 (M.D. La. Dec. 31, 2024) (finding a similar argument concerning "debt bondage" to be "wholly without merit"). Plaintiff's argument that his debt was validly discharged under UCC § 3-311 and Louisiana Revised Statutes § 10:3-311 does not persuade otherwise.

3

### C. The Court Will Not Grant Leave to Amend.

Alternatively, Plaintiff requests leave to amend his Complaint to "further detail the economic exploitation and dependency stemming from Defendant's unlawful debt enforcement." (Doc. 29 at 4).

If a party is not entitled to amend a pleading as a matter of course pursuant to Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* "[A] district court may refuse leave to amend," however, "if the filing of the amended complaint would be futile." *Varela v. Gonzales*, 773 F.3d 704, 707 (5th Cir. 2014). Moreover, the Court may deny Plaintiff's Motion to Amend "if the complaint as amended would be subject to dismissal." *Ackerson v. Bean Dredging LLC*, 589 F.3d 196, 208 (5th Cir. 2009).

In other words, a district court "acts within its discretion in denying leave to amend where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010) (quoting *Briggs v. Mississippi*, 331 F.3d 499, 508 (5th Cir. 2003)); *see also Vaupel v. United States*, 491 Fed.Appx. 869, 874 (10th Cir. 2012) (affirming district court's refusal to permit amendment on grounds of futility where amended claims would be barred); *see also Robertson v. Louisiana*, No. CV 17-00138-BAJ-EWD, 2018 WL 1077303, at *2 (M.D. La. Feb. 26, 2018). Here, even if Plaintiff amended his Complaint, his "debt bondage" claim would not survive a motion to dismiss. Because an amended complaint would be futile, the Court denies

4

Plaintiff's request for leave to amend.

### D. Oral Argument is Unnecessary.

Finally, Plaintiff requests oral argument to "clarify the legal and factual basis for the claims, including the applicability of UCC § 3-311, La. R.S. 10:3-311, and the legal definition of Debt Bondage under 22 U.S.C. § 7101." (Doc. 29 at 7). The Court finds that oral argument is unnecessary to resolve the issues before the Court.

### E. Conclusion.

Having carefully considered the Motions at issue *de novo*, the underlying Complaint, and related filings, the Court **APPROVES** the Magistrate Judge's Report and Recommendation, and **ADOPTS** it as the Court's opinion herein.

Accordingly,

IT IS ORDERED that Plaintiff's **Motion to Grant Partial Summary Judgment as Unopposed (Doc. 23)** is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's **Motion for Leave to Withdraw Partial Summary Judgment Motion (Doc. 25)** is **GRANTED**.

IT IS FURTHER ORDERED that Plaintiff's **Motion for Partial Summary Judgment for Breach of Contract Involving Accord and Satisfaction (Doc. 17)** is **DENIED** as withdrawn.

IT IS FURTHER ORDERED that Plaintiff's **Motion for Preliminary Injunction (Doc. 23-2)** is **DENIED**.

IT IS FURTHER ORDERED that Defendant's **Motion for Partial Dismissal Pursuant to Rule 12(b)(6) (Doc. 13)**, which is unopposed, is

5

GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's claims for violation of UCC 9-210, debt bondage, and violations of the FCRA are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that this action is referred back to the Magistrate Judge for further proceedings.

Baton Rouge, Louisiana, this 1st of April, 2025

_____
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**